Matter of Mattis (2022 NY Slip Op 06438)

Matter of Mattis

2022 NY Slip Op 06438

Decided on November 15, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Cynthia S. Kern
Ellen Gesmer
Manuel J. Mendez
Martin Shulman, JJ.

Motion No. 2022-03298 Case No. 2022-03674 

[*1]In the Matter of Colinford King Mattis, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Colinford King Mattis, (OCA Atty. Reg. No. 5547898), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on January 31, 2018.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Denice Szkeley, Esq., of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Colinford King Mattis was admitted to practice law in the State of New York by the Second Judicial Department on January 31, 2018. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.
On June 2, 2022, respondent entered a guilty plea to a superseding federal information which charged him and codefendant Urooj Rahman with conspiracy to commit arson and to make and possess an unregistered destructive device in violation of 18 USC §§ 371 and 844(i) and 26 USC §§ 5861(d) and 5861(f). His conviction was based on an incident in which he and Rahman made and possessed an improvised incendiary device, i.e., a Molotov cocktail, which was used to damage an unoccupied New York City police vehicle during a 2020 protest over the death of George Floyd.
By notice of motion dated August 12, 2022, the Attorney Grievance Committee (AGC) seeks an order striking respondent's name from the roll of attorneys pursuant to Judicial Law § 90(4)(a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12, on the ground that respondent was convicted of a felony as defined by Judiciary Law § 90(4)(e) and has therefore been automatically disbarred. It should be noted that for purposes of automatic disbarment, a conviction occurs at the time of plea or verdict (see Matter of Conroy, 167 AD3d 44, 46 [1st Dept 2018]), not at sentencing.
Respondent was convicted on federal charges "essentially similar" to one or more felony offenses as defined under New York Law so as to result in his automatic disbarment (Judiciary Law § 90[4][a]). Respondent's federal conviction for conspiracy to maliciously damage or destroy, or attempt to damage or destroy by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce in violation of 18 USC §§ 371 and 844(i) is "essentially similar," in language and elements, to conspiracy in the fourth degree, a class E felony in violation of Penal Law § 105.10(1), to commit arson in the third degree, a class C felony in violation of Penal law § 150.10(1). Indeed, in his plea agreement, he stipulated and agreed that his federal conviction was "essentially similar" to one or more felony offenses defined under New York law, including conspiracy to commit arson in the third degree, and that "even though the likely consequence of [his] guilty plea will be automatic disbarment from the practice of law in the State of New York," he nevertheless wished to plead guilty.
Accordingly, the AGC's motion to disbar should be granted and respondent's name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to June 2, 2022.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion to strike the name of the respondent, Colinford King Mattis, from the [*2]roll of attorney's and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and,
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), the respondent, Colinford King Mattis, is disbarred, effective nunc pro tunc to June 2, 2022, and his name is stricken from the roll of attorneys and counselors-at-law; and,
IT IS FURTHER ORDERED that the respondent, Colinford King Mattis, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and,
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, the respondent, Colinford King Mattis, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that if the respondent, Colinford King Mattis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: November 15, 2022